## Savier *v.* Chipman.

The statute, Ses. L. 1842, p. 135, S. 4, provides, that no justice of the peace shall hold any court, or hear an examination, in any bar-room, grocery, or other room or place where spirituous or intoxicating liquors shall be sold. Where it appeared from the justice's return that, on the day of trial, the cause was called in the bar-room of a tavern and adjourned to an adjoining room in the same house, but that the justice had no knowledge spirituous or intoxicating liquors were sold there, and no proof of the fact was offered on the trial, the court refused to reverse the judgment.

The court will not presume spirituous liquors are sold in the bar-room of a tavern, when by law *every* license to keep a tavern does not authorize the sale of spirituous liquors.

Facts that come to the knowledge of a justice after the trial of a cause are properly no part of his return, and must be rejected.

Error to St. Joseph Circuit Court.

*Gurney & Hammond,* for plaintiff in error.

*Chipman,* in person.

*By the court,* Green, J.   In 1846, Chipman sued Savier in a justice's court in the county of St. Joseph, and recovered a judgment for $40 damages, and $3 91 costs of suit.   Savier, conceiving himself aggrieved by such judgment, made a special affidavit, under the provisions of section 10 of the act of 1845, Ses. L. 1845, p. 101, and appealed therefrom to the circuit court of the county.   The cause was tried by a jury in that court, at its March term in 1847, and the plaintiff below obtained a verdict and judgment against the defendant below for $42 45 damages, with costs of suit.

Exceptions were taken on the trial, and a bill of exceptions was settled and signed, and made a part of the record; and the defendant thereupon removed the record into this court by writ of error.

It appears from the bill of exceptions, a motion was made by the appellant in the circuit court to reverse the judgment of the justice, on the ground the return showed the court was held in a bar-room or place where spirituous liquors were sold, and that, therefore, the justice had

no jurisdiction; and that the circuit court decided the return did not show that the justice held his court in a bar-room or place where spirituous liquors were sold, and that the question arising upon the return was not one of jurisdiction, but one that should have been taken advantage of, if at all, by plea in abatement, if the facts were disputed, or upon motion to dismiss the action, if the facts were undisputed.

The errors assigned are, that the circuit court erred in denying the motion to reverse for the reasons specified in the bill of exceptions, and also that the justice had no jurisdiction of the case.

The only question involved in the case seems to be, whether the justice's court, before which the suit was tried, was holden in a bar-room where spirituous or intoxicating liquors were sold. Ses. L. 1842, p. 135.

The justice's return shows, that on the day of the trial of the cause it was called in the bar-room of a tavern, and adjourned from that room to one adjoining in the some house, but that the justice had no knowledge that spirituous or intoxicating liquors were sold there, nor was any proof of such fact offered upon the trial. Whatever information the justice acquired upon inquiry afterwards, not having been judicially before him in the case, cannot be regarded here, and should not have constituted any part of his return. Such information may have been true, or it may have been false. It comes upon the record without any sanction making it evidence. Excluding, therefore, all that relates to information derived from the keeper of the house or others, after the trial, the return only shows that the cause was called and adjourned in a bar-room, but not that any kind of spirituous or intoxicating liquors were sold there.

If, under the statute then in force relating to taverns, every license to a tavern keeper authorized the sale of spirituous liquors, it would then seem to be a fair legal presumption that such liquors were sold in every bar-room of a tavern; but by the revised statutes of 1838, p. 206, sec. 23, provision was made for granting licenses to tavern keepers which should not authorize the sale of brandy, rum, or other spirituous liquors or wines. It cannot, therefore, be presumed, from the mere fact that the room in question was the bar-room of a tavern, that it was a bar-room or place *where spirituous or intoxicating liquors were sold.*

This cause having been tried before the justice within the general

limits of his territorial jurisdiction, and he having acquired jurisdiction of the cause and of the parties by a regular course of proceeding, any special circumstances which would take away that jurisdiction, ought to appear in the record; and no such circumstances appearing, the judgment of the circuit court mnst be affirmed, with costs to the defendant in error.

*Judgment affirmed.*